UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Sonia Baez,<br>*Individually and on behalf of all others similarly situated*,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　-v-<br><br>Karp Scarsdale, LLC, and<br>The Ambassador of Scarsdale Management,<br><br>　　　　　　　　　　Defendants. | Civ. Action #: 17-CV-09964<br>(KMK)(JCM)<br><br>**MOTION FOR SETTLEMENT APPROVAL** |

I, Abdul Karim Hassan, declare and affirm as follows:

1. I am the attorney for Plaintiff Sonia Baez ("Plaintiff") in the above-entitled action, am a member of the Bar of the State of New York and duly admitted to practice before this Court.

2. I hereby make the instant declaration seeking approval of the settlement of this action as fair and reasonable.

3. A copy of the settlement agreement is attached hereto as **Exhibit 1**.

4. **Exhibit 2** are the time records detailing some of the hours expended by Plaintiff's counsel on this case – Plaintiff's counsel is a solo practitioner and he was the only attorney that worked on this case for Plaintiff.

## I. Range of Recovery

5. It is difficult to know Plaintiff's recovery if she prevailed at trial. In general, however, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Based on the allegations in the complaint, Plaintiff is owed approximately $21/hr. x 2.5hrs/wk. x 125wks = \$6,562.50 in

overtime wages plus liquidated damages if Defendants fail to prove the "good faith" affirmative defense. Defendants dispute the hours claimed by Plaintiff – if a jury believes the Defendants, overtime wages owed could be zero.

6. It is Defendants' position that Plaintiff is not entitled to overtime wages on her "lunch time" claims and deny liability.

7. Defendants may also be able to avoid the imposition of liquidated damages including on the manual worker claims if they prove the good-faith affirmative defense.

8. Assuming Plaintiff prevails on her wage notice and wage statement claims she could be entitled to another $10,000 maximum ($5,000 each) – the jurisprudence concerning these claims is unsettled and they are not covered by the FLSA. Plaintiff was provided with wage statements – there may be a technical dispute as to whether the wage statements were fully compliant.

9. The general release in this FLSA case is proper because even though Plaintiff did not formally assert a wrongful termination claim, she did raise the potential of such claims during settlement discussions. In addition, the monies Plaintiff is due to receive under the settlement covers all of her claimed FLSA wages and liquidated damages and some or all of the approximately $9,000 remining can be viewed as fair and reasonable consideration for the general release.

10. Under the settlement Plaintiff is due to receive $22,960 after a 1/3 contingency fee and costs. (Ex. 1, ¶ 2(a-b)).

## II. Bona Fide Disputes

11. The biggest dispute in the case is the hours worked by Plaintiff and whether Plaintiff is entitled to pay for her lunch breaks.

12. Defendants also strongly disputes Plaintiff's claims that she did not receive the required wage notice and wage statements.

### III.   Settlement Discussions

13. Both sides were represented by experienced counsels who vigorously represented their respective clients in settlement discussions – including a mediation with an experienced mediator from this Court's Mediation panel. The gross settlement amount in this action is $35,000 in exchange for a general release. After costs ($560) and a 1/3 contingency fee ($11,480), Plaintiff's share under the settlement is $22,960 - $7,000 in wages and an additional $15,960 in liquidated and other damages. The fact that the settlement amount is not insignificant in relations to the claims, further confirms that the parties engaged in vigorous and arms' length settlement negotiation without any collusion.

### IV.   Legal Fees and Costs

14. Plaintiff's counsel is receiving reimbursement of Five Hundred and Sixty Dollars ($560) in filing ($400) and service ($160) costs, plus a 1/3 contingency fee of Eleven Thousand, Four Hundred and Eighty Dollars ($11,480) under the settlement agreement. (Ex. 1 ¶ 1).

15. The hourly fees based on the attached time records (Ex. 2), are $24,606 at the retainer rate of $600/hr. for 41.01hrs, or $18,452.93 at a reduced fee-shifting rate of $450/hr. See *De Fabio v. QualityPro Pest & Wildlife Services Inc. et al*, 15-cv-09483, ECF No. 38, (Judge Karas-SDNY) (finding that an hourly rate of $450 an hour for plaintiff's counsel herein is 'reasonable considering Plaintiff's counsel "ha[s] litigated over 350 employment/wage cases in New York's federal courts since 2001"').See *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y. Feb. 15, 2018) (awarding Mr. Hassan a 450/hr rate in the context of a fee-shifting fee application and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal

court. He has argued a number of significant employment cases before the Second Circuit.");

16. Here, Plaintiff's counsel is receiving a lower 1/3 contingency fee of $11,480 after reimbursement of $560 in costs. (Ex. 1 ¶ 2(c)). Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (Magistrate-Judge Peck - SDNY)(approving 1/3 fees of $23,080 under Cheeks); *Bumagin v. The Mount Sinai Medical Center, Inc. et al*, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under Cheeks); *Rivera v. Golden Krust Caribbean Bakery Inc.*, Case No. 16-cv-09219 (Magistrate-Judge Pitman) (1/3 fee of $16,666 under Cheeks); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under Cheeks of about $27,000); *Hosein v. Universal Elevator Inc. et al*, Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under Cheeks); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under Cheeks); *Jones v. Bryant Park Market Event LLC*, 13-CV-1369, ECF Entry of 10/24/2016 (AJP - SDNY)(approving $4,000 in damages and $55,000 in fees and costs under Cheeks); *Kirkland v. ASA College, Inc. et al*, 16-cv-02908 (Magistrate-Judge Levy – EDNY)(1/3 fee of $12,978 under Cheeks).

17. We thank the Court in advance for its time and consideration, and respectfully request approval of the settlement as fair and reasonable.

5

I, Abdul Hassan, declare, pursuant to 28 U.S.C § 1746 that the foregoing is true and correct to the best of my knowledge and understanding.

Dated: Queens Village, New York
         April 18, 2019

Abdul Hassan Law Group, PLLC
Attorneys for Plaintiff

By: *Abdul Hassan*
Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000