UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SONIA BAEZ,
Individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

KARP SCARSDALE, LLC, and THE AMBASSADOR
OF SCARSDALE MANAGEMENT,

    Defendants.

No. 17-CV-9964 (KMK)

ORDER

---

KENNETH M. KARAS, District Judge:

On December 21, 2017, Sonia Baez ("Plaintiff") brought this Action against Karp Scarsdale, LLC, and The Ambassador of Scarsdale Management ("Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (*See* Compl. ¶¶ 1–4 (Dkt. No. 1).) On April 18, 2019, the Parties jointly moved for approval of their proposed settlement. (*See* Letter from Abdul Karim Hassan, Esq. to Court ("Apr. 18 Letter") (Dkt. No. 24); *see also* Apr. 18 Letter Ex. 1 ("Proposed Settlement").)

For the reasons that follow, their Proposed Settlement is granted.

## I. Discussion

The Second Circuit has held that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quotation marks omitted), *cert. denied*, 136 S. Ct. 824 (2016). Consequently, "the [P]arties must satisfy the Court

that their agreement is 'fair and reasonable.'" *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015).

When assessing a proposed settlement for fairness, there is generally "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quotation marks omitted); *see also Matheis v. NYPS, LLC*, No. 13-CV-6682, 2016 WL 519089, at *1 (S.D.N.Y. Feb. 4, 2016) (same); *Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (same); *Martinez v. Hilton Hotels Corp.*, No. 10-CV-7688, 2013 WL 4427917, at *1 (S.D.N.Y. Aug. 20, 2013) (same).

As a number of courts have recognized, although a court should consider the totality of the circumstances, the most significant factors include:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotation marks omitted); *see also Zamora v. One Fifty Fifty Seven Corp.*, No. 14-CV-8043, 2016 WL 1366653, at *1 (S.D.N.Y. Apr. 1, 2016) (same); *Garcia v. Jambox, Inc.*, No. 14-CV-3504, 2015 WL 2359502, at *2 (S.D.N.Y. Apr. 27, 2015) (same). Conversely, factors which weigh against finding a settlement fair and reasonable include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of

> the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (quotation marks omitted); *see also Villalva-Estrada v. SXB Rest. Corp.*, No. 14-CV-10011, 2016 WL 1275663, at *2 (S.D.N.Y. Mar. 31, 2016) (same); *Garcia*, 2015 WL 2359502, at *2 (same); *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014) (same). Making this determination "is thus an information intensive undertaking," *Camacho*, 2014 WL 6985633, at *2, and "the [P]arties must provide the [C]ourt with enough information to evaluate the bona fides of the dispute," *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *1 (S.D.N.Y. Dec. 3, 2015) (quotation marks omitted). To this end, courts require information surrounding "the nature of [the] plaintiffs' claims, . . . the litigation and negotiation process, the employers' potential exposure . . . to [the] plaintiffs . . . , the bases of estimates of [the] plaintiffs' maximum possible recovery, the probability of [the] plaintiffs' success on the merits, and evidence supporting any requested fee award." *Id.* (first alteration in original) (quotation marks omitted) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015)).

Having reviewed the Proposed Settlement, the Court is satisfied that it was negotiated in good faith at arms' length and that there was no fraud or collusion. The Court is also satisfied, based on the Parties' representations, that the settlement will allow the Parties to avoid the anticipated burdens and risks of litigation. Additionally, the Court finds that the settlement sum is fair, reasonable, and adequate. The settlement sum Plaintiff will receive under the Proposed Settlement, excluding attorneys' fees and costs, is $22,960. (Proposed Settlement ¶ 2; Apr. 18 Letter ¶ 10.) The gross settlement amount in this action is $35,000, which is significantly higher than Plaintiff's estimated potential recovery if she prevailed at trial. (*See* Apr. 18 Letter ¶¶ 5–8.) The Parties explain that the reason for the large settlement is because Plaintiff raised the

potential of asserting a wrongful termination claim, and the Parties agreed that approximately $9,000 over and above what Plaintiff could potentially recover at trial for her wage and hour claims "can be viewed as fair and reasonable consideration" for releasing Defendants from the wrongful termination claim and any other claims she might have relating to her employment. (*Id.* ¶ 9.)

Typically, releases of liability in FLSA settlements must be "limited to the claims at issue in this [a]ction." *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015). Here, the Proposed Settlement includes a general release provision that applies to all claims

> for wages, including claims for overtime, unpaid wages, liquidated damages, statutory penalties, interest, wage notices, wage statements, and any other possible claim available to Plaintiff by virtue of her having been employed by Defendant, including but not limited to all claims in law or in equity under federal or state constitutions, statutes, laws, regulations, municipal ordinances, regulations, contract or common law for damages, monies, injunctive relief, or attorney's fees arising under the Fair Labor Standards Act . . . ; [New York state law]. This Agreement constitutes a knowing and voluntary waiver of all rights or claims Plaintiff may have had, including but not limited to claims arising under the aforementioned laws, statutes, rules, or regulations.

(Proposed Settlement ¶ 1.) Some courts have found that such provisions are "overbroad and must be stricken." *Sanchez v. Venky's Food Corp.*, No. 18-CV-1916, 2018 WL 6618373, at *3 (S.D.N.Y. Dec. 17, 2018); *see also Flood v. Carlson Rests. Inc.*, No. 14-CV-2740, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015) (rejecting a settlement agreement that, in effect, "waive[d] any possible claims against [the] [d]efendants—including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues").

However, "there is nothing inherently unfair about a release of claims in an FLSA settlement," *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-CV-5008, 2016

WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016), and under some circumstances a broader release of claims is appropriate, *see Souza*, 2015 WL 7271747, at *5 (noting that generally in FLSA litigation, "parties come to a settlement conference in a wage-and-hour case hoping to achieve a resolution of all claims, including any other claims that they may have against each other (whether pled or unpled in the complaint or in any counterclaims) so that they do not have to litigate against each other in the future"). "[I]n some cases an employee has identified other (previously unpled) claims and will accordingly obtain a higher settlement as a result of agreeing to a general release." *Souza*, 2015 WL 7271747, at *5. Here, the Proposed Settlement includes claims beyond the core FLSA wage and hour issues, and the Parties agreed to reasonable consideration for the release of the non-FLSA claims. The Court finds that, under such circumstances, a release of all claims arising out of Plaintiff's employment with Defendants is fair and reasonable, "with the modification that the release be mutual in all respects." *Id.* at *5 (approving modified mutual general release to "ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes"); *see also Khan v. Young Adult Inst., Inc.*, No. 18-CV-2824, 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) ("General releases are permissible in FLSA settlements where [the] plaintiff is no longer employed by [the] defendants, the releases were negotiated by competent counsel for both sides[,] and the releases are mutual." (collecting cases)); *Abreu v. Glenda Food Corp.*, No. 17-CV-2006, 2018 WL 2388532, at *2 (S.D.N.Y. May 25, 2018) (same); *Geskina v. Admore Air Conditioning Corp.*, No. 16-CV-3096, 2017 WL 1743842, at *3 (S.D.N.Y. May 3, 2017) ("A general release of the kind proposed in this case, with a former employee who has no

ongoing relationship with the employer, makes sense in order to bring complete closure." (alterations omitted)).

Finally, the Court finds that the attorneys' fees requested by Plaintiff's counsel are reasonable. Under the FLSA, a successful plaintiff—including one who settles—is entitled to attorneys' fees. *See Lizondro-Garcia v. Kefi LLC*, No. 12-CV-1906, 2015 WL 4006896, at *2 (S.D.N.Y. July 1, 2015) (citing, inter alia, 29 U.S.C. § 216(b)). In the Second Circuit, courts may calculate attorneys' fees under one of two methodologies: the "lodestar" method or the "percentage of the fund" method. *See McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). "Under the percentage-of-the-fund method, the attorneys are awarded a reasonable percentage of the common fund." *Lizondro-Garcia*, 2015 WL 4006896, at *3. "Under the lodestar method, 'the district court scrutinizes the fee petition to ascertain the number of hours reasonably billed to the class and then multiplies that figure by an appropriate hourly rate.'" *Ortiz v. Chop't Creative Salad Co. LLC*, 89 F. Supp. 3d 573, 590 (S.D.N.Y. 2015) (footnote omitted) (quoting *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000)). "After the computation is done, 'the district court may, in its discretion, increase the lodestar by applying a multiplier based on "other less objective factors," such as the risk of the litigation and the performance of the attorneys.'" *Id.* at 590–91 (quoting *Goldberger*, 209 F.3d at 47). "Although [the Second Circuit] ha[s] acknowledged that the trend in this Circuit is toward the percentage method, it remains the law in this Circuit that courts may award attorneys' fees in common fund cases under either the 'lodestar' method or the 'percentage of the fund' method." *McDaniel*, 595 F.3d at 417 (some quotation marks omitted). Under either approach, courts draw on the following considerations—commonly known as the "*Goldberger* factors"—when assessing the reasonableness of attorneys' fees: "(1) the time and labor expended by counsel; (2)

6

the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger*, 209 F.3d at 50 (alteration and quotation marks omitted).

When requesting attorneys' fees in an FLSA case, "counsel must submit evidence providing a factual basis for the award." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). Although courts may elect to award fees by either considering the lodestar method—the reasonable hourly rate of the attorney multiplied by the number of hours reasonably expended—or the percentage method—a percentage of the total amount recovered by the plaintiff—"[t]he trend in [the Second] Circuit is toward the percentage method." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). Even where attorneys' fees are sought pursuant to the percentage of the fund method, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336; *see also Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014) ("Counsel must provide a factual basis for a fee award, typically with contemporaneous time records."). A proper fee request thus includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Nights of Cabiria*, 96 F. Supp. 3d at 181. The Court must also determine the reasonable hourly rate by considering the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012).

Under the Proposed Settlement, Plaintiff's Counsel would receive $560 in filing and service costs, plus a 1/3 contingency fee of $11,480, which represents approximately one-third of the total recovery of $35,000. (Apr. 18 Letter ¶ 14.) Courts routinely award attorneys in FLSA settlements one-third of the total recovery in fees. *See Garcia v. Atlantico Bakery Corp.*, No. 13-

CV-1904, 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016) ("[O]ne-third of the total award is the customary contingency percentage in FLSA cases."); *see also Ocasio v. Big Apple Sanitation, Inc.*, No. 13-CV-4758, 2016 WL 5376241, at *2 (E.D.N.Y. Mar. 16, 2016) (noting that the fee sought was "less than the typical contingency fee percentage of 33 1/3%"), *adopted by* 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016). Counsel notes that the lodestar amount, based on the attached time records reflecting 41.01 hours of legal work, (*see* Apr. 18 Letter Ex. 2 ("Time Records")), would be $24,606 at the retainer rate of $600 per hour, or $18,452.93 at a reduced fee-shifting rate of $450 per hour, which are both well above the $11,480 award sought. (Apr. 18 Letter ¶ 15.) Additionally, Plaintiff's counsel, Abdul Karim Hassan ("Mr. Hassan"), is experienced in federal employment cases, and the Court notes that $450 an hour has been held a reasonable fee for Mr. Hassan's representation. *See Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, at 1 (E.D.N.Y Feb. 15, 2018) (awarding Mr. Hassan $450 per hour in attorneys' fees and noting that "Hassan has been practicing law since 2001 (17 years) and has litigated over 400 employment and wage cases in federal court," including "argu[ing] a number of significant employment cases before the Second Circuit"). Therefore, the Court finds the requested attorneys' fees of $11,480, as well as $560 in costs, fair and reasonable.

## II. Conclusion

For the foregoing reasons, the Parties' Proposed Settlement is granted with one modification. The Proposed Settlement's release provision is hereby modified to provide for mutual releases of liability by each Party for claims arising out of Plaintiff's employment with Defendants. The Clerk of Court is respectfully directed to terminate the pending motion, (Dkt. No. 24), and close this case.

SO ORDERED.

Dated:   White Plains, New York
         May 29, 2019

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE